United States District Court
District of South Carolina

| | |
|---|---|
| David Farrell Sullivan, # 288953; | C/A No. 6:05-1282-HFF-WMC |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| | **for Summary Dismissal** |
| County of Spartanburg; James Hartman, County Administrator; Jennifer E. Wells, Assistant Solicitor; Harold Gowdy, Solicitor; Sheriff of Spartanburg County; Clay T. Allen, Public Defender; NFN Hopkins, Deputy; Unknown Sheriff Deputy; Loretta Roher; Shane Diedmon; Billy Blanton, Sheriff of Cherokee County; Unknown Lieutenant; Unknown Sergeant; Unknown Deputies; and Larry Powers, Director of Spartanburg County Detention Facility; | |
| Defendants. | |

The Plaintiff, David Sullivan (hereafter, the "Plaintiff"), is a state prisoner bringing a *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

**BACKGROUND**

Although presently incarcerated at the Tyger River Correctional Institution, Plaintiff sues the various South Carolina Defendants because of a period of pre-trial detention at the Spartanburg County Detention Facility (SCDF), Spartanburg, South Carolina. Plaintiff was convicted by a jury of Criminal Domestic Violence of a High and

1

Aggravated Nature (CDVHAN) before the Court of General Sessions for Spartanburg County. His conviction was affirmed by the South Carolina Supreme Court on appeal. *See State v. Sullivan*, 608 S.E. 2d 422 (S.C. 2005).

Plaintiff claims that all the Defendants conspired in 2002 to deprive him of liberty and subject him to unhealthy and unsafe conditions at SCDF. Plaintiff names the County of Spartanburg, its County Administrator and the SCDF Director for deliberately creating adverse conditions of pre-trial detention. He sues the Solicitor and an Assistant Solicitor of the Seventh Judicial Circuit along with the Spartanburg County Sheriff and three deputies for conspiring in his prosecution. He sues his trial attorney, a Spartanburg County Public Defender. Finally he names the Sheriff of Cherokee County and several subordinate officers, because the latter seized him at his home in that county on June 13, 2002, on a bench warrant for failure to appear at a court hearing.

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armstead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court

"conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **PREVIOUS *PRO SE* ACTION**

This is not the first time that Plaintiff has brought action in this Court against the Spartanburg County Defendants. In *Sullivan v. Wells, et al.*, C.A. No. 7:02-3879-TLW-WMC (D.S.C. 2002), he made precisely the same claims against the Seventh Circuit Assistant Solicitor, the SCDF Director, and two deputies of the Spartanburg County Sheriff's Department. Plaintiff alleged, for example, that the Assistant Solicitor conspired with SCDF personnel "as a means to break a defendant down." *Id.*, Document #1, p. 6.

At that time, Plaintiff's CDVHAN prosecution was still pending. In a Report filed on November 27, 2002, the undersigned recommended dismissal of Plaintiff's complaint as to his detention under *Heck v. Humphrey*, 512 U.S. 477 (1993), noting that no right of action under 42 U.S.C. § 1983 had yet accrued. Dismissal of claims against the Assistant Solicitor was also recommended on the basis of prosecutorial immunity. On February 27, 2004, the Honorable Henry F. Floyd, United States District Judge for the District of South Carolina, adopted the Report and dismissed the action, deeming the dismissal a "strike" under 28 U.S.C. § 1915(g). The dismissal was affirmed on February 9, 2005. *See Sullivan v. Wells*, 120 Fed. Appx. 502 (4th Cir. 2005).

This Court may take judicial notice of this prior civil action. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shop v. Bell & Howell*, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); *Days v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

In this action, Plaintiff makes the same claims as in his previous case. Since, in the interval, Plaintiff has actually been convicted, the rule in *Heck v. Humphrey, supra*, applies with even greater force than during his first civil action. Until his conviction is vacated or set aside, Plaintiff has no right of action against any of the participants in his arrest and prosecution.

Plaintiff contends that he was improperly deprived of his liberty at various times prior to trial, when his bond was either suspended or he failed to appear for a court proceeding. This Court need not inquire into these claims, because pre-trial detention is not a deprivation of due process, even when a defendant claims he is innocent or guilty of a lesser charge. In *Brooks v. City of Winston-Salem, N.C.*, 85 F. 3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals took the occasion to consider whether or not a liberty interest exists in avoiding prosecution upon less than probable cause. In *Brooks*, and in the earlier case of *Taylor v. Waters*, 81 F. 3d 429 (4th Cir. 1996), the Fourth Circuit made the following observation, drawing in particular upon *Gerstein v. Pugh*, 420 U.S. 103 (1975):

> Th[e Fourth] amendment requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause as a condition of significant pretrial restraint of liberty. [Citation omitted] Once such a determination of probable cause has been rendered, however, the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable. [Citations omitted.] Instead, other constitutional guarantees contained in the Bill of Rights – such as the right to a speedy trial – protect the accused by ensuring that he will not be detained indefinitely before an "ultimate determination of...innocence is placed in the hands of the judge and the jury." [Citation omitted]

81 F. 3d at 428-429.

Over one hundred and twenty five years ago, the United States Supreme Court summarized the doctrine of *res judicata* declaring that a final judgment becomes:

4

> ...a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Cromwell v. County of Sac*, 94 U.S. 351 (1876). The Supreme Court restated this same definition in the 1983 case of *Nevada v. United States*, 463 U.S. 110 (1983). The judicial policies of economy, finality, and comity, which among others are served by the doctrine of *res judicata*, require no further exposition in this Report. They are well settled in American jurisprudence.

The Fourth Circuit has on many occasions affirmed the elements governing prior adjudication: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Andrews v. Daw*, 201 F. 3d 521 (4th Cir. 2000); *Jones v. SEC*, 115 F. 3d 1173 (4th Cir. 19970; *Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough*, 81 F. 3d 1310 (4th Cir. 1996); *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F. 770 (4th Cir. 1991); *Keith v. Aldridge*, 900 F. 2d 736 (4th Cir.1990).

Plaintiff has named one or two new Spartanburg County Defendants in this action, drawing a nurse at SCDF and another Sheriff's deputy into the alleged conspiracy. These parties have not been sued previously upon the present set of facts. Preclusion by way of collateral estoppel must be considered in this context, since there is not the identity of parties required by strict *res judicata*. *Montana v. United States*, 440 U.S. 147 (1979).

Collateral estoppel can take the form of <u>claim preclusion</u>, which applies when the same cause of action is brought in later litigation. This doctrine precludes assertion of any claim that was actually adjudicated or that might have been presented. *Vara*

*Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough*, *supra*.  <u>Issue preclusion</u> is more narrow and operates to bar subsequent litigation of legal and factual issues common to both actions that were actually and necessary determined by the court in the prior litigation.  *Id.*; *Combs v. Richardson*, 838 f. 2d 112 (4th Cir. 1988).  Plaintiff is barred from suing these new Spartanburg County Defendants upon the theory presented in his prior action.

There can be no doubt that Plaintiff has been placed on notice that his Complaint is not cognizable in this Court.  Dismissal without prejudice means only that he is free to pursue South Carolina remedies not that he can continue to file the same pleading with the mere addition of other defendants or related claims.  The inference arises that this repetitive action is malicious, in light of the Report filed by the undersigned in Plaintiff's prior case.

Plaintiff cannot state a cause of action under 42 U.S.C. § 1983 against his own defense counsel.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law which, as noted above, is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney);  *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).  Ultimately, legal malpractice or tortious action cannot support a recovery under 42 U.S.C. §1983.  *Fletcher v Hook*, 446 F. 2d 14 (3rd Cir. 1971); *Smith v Clapp*, 436 F. 2d 590  (3rd Cir. 1970).

Negligence and legal malpractice are causes of action under South Carolina common law.  *See  Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993); *Yarborough v. Rogers*,

411 S.E.2d 424 (S.C. 1991). A civil action for negligence and legal malpractice would be cognizable in this Court under 28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied. *See Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). It is clear from the allegations contained in the Complaint, however, that Plaintiff and his trial counsel are both citizens of South Carolina, thus precluding any diversity jurisdiction in this case.

Finally, Plaintiff cannot sue the Cherokee County Defendants who arrested him on June 13, 2002, and held him until he was returned to SCDF by Spartanburg County deputies. Plaintiff attaches to his Complaint a copy of an order filed on September 26, 2002, by the Honorable Donald W. Beatty, Judge of the Seventh Judicial Circuit. In the order, Judge Beatty notes that the arrest was accomplished pursuant to a bench warrant. Claims against the arresting officers in such circumstances are barred, because the defendants were acting pursuant to an order – in this case the issuance of a warrant – by a judicial officer. *Belk v. Charlotte-Mecklenburg Bd. of Education*, 269 F. 3d 305 (4th Cir. 2001); *Rogers v. Bruntrager*, 841 F.2d 853 (8th Cir.1988); *McCray v. Maryland*, 456 F. 2d 1 (4th Cir. 1972) *Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir.1969). The fact that Judge Beatty, in September, 2002, ordered Plaintiff's conditional release on bond does not affect the quasi-judicial immunity of the Cherokee County Defendants in this case.

### §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."

7

*Denton v. Hemandez*, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez, supra*. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## **RECOMMENDATION**

The Defendants should not be required to answer this frivolous and repetitive action. It is therefore recommended that the within Complaint be **dismissed without prejudice** (to preserve Plaintiff's claims under South Carolina law) **and that this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g)**. Plaintiff's attention is directed to the Notice on the following page.

s/William M. Catoe
United States Magistrate Judge

May 10, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**